UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM AUGUSTUS WELCH (#199544),

                    Plaintiff,

v.

GLENN KUSEY,
BRAD PURVES and
DON SPAULDING,

                    Defendants,
                                            /

CASE NO. 2:12-CV-13172
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

**ORDER GRANTING PLAINTIFF'S OCTOBER 5, 2012 MOTION FOR CONTINUANCE TO PERMIT RELEVANT INTERROGATORIES AND DOCUMENTS TO BE OBTAINED IN ORDER TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 13) and GRANTING PLAINTIFF'S DECEMBER 7, 2012 MOTION FOR AN ORDER COMPELLING DISCOVERY (Doc. Ent. 16)**

**A.    Background**

William Augustus Welch (#199544) is currently incarcerated at the Michigan Department of Corrections (MDOC) Saginaw Correctional Facility (SRF) in Freeland, Michigan, where he is serving a life sentence imposed on March 10, 1989 for a June 21, 1988 violation of Mich. Comp. Laws § 750.316 ("First degree murder; penalty; definitions."). *See* Case No. 88-08272 (Wayne County).[1]

On July 19, 2012, while incarcerated at SRF, Welch filed a pro se, unsigned prisoner civil rights complaint against Don Spaulding, identified as the SRF Food Service Director; Glenn Kusey, identified as an SRF Food Steward; and Brad Purves, identified as the MDOC's Central

---

[1] *See* www.michigan.gov/corrections, "Offender Search."

Food Service Program Manager. Doc. Ent. 1 at 1-7 (Complaint), Doc. Ent. 1 at 8-42 (Exhibits A-J); *see also* Doc. Entries 8, 9 & 10 (Appearances of Counsel).

The facts underlying plaintiff's complaint stem from plaintiff's diet during the Islamic Holy month of Ramadan (August 2011), the grievance he initiated in September 2011 and his appeal to the Office of the Legislative Corrections Ombudsman. Doc. Ent. 1 ¶¶ 1-10. His claims are based upon Purves's alleged provision of a Ramadan menu "that was [approximately] half the daily calories and nutrition of the regular menu provided to the rest of the population at [SRF][,]" and his claims against Spaulding and Kusey are based upon their alleged adherence to that menu. Doc. Ent. 1 ¶¶ 11-12. Plaintiff seeks injunctive relief, compensatory relief and punitive damages, as well as an award of costs. Doc. Ent. 1 at 7.[2]

Judge Borman has referred this case to me for pretrial matters. Doc. Ent. 3.

**B.     Pending Motions**

**1.**     On September 24, 2012, the MDOC defendants filed a motion for summary judgment (Doc. Ent. 11) arguing that "Plaintiff's First Amendment rights were not violated when he was provided bagged Ramadan meals to accommodate his fast[,]" and "Plaintiff has failed to show that Defendants violated clearly established statutory or constitutional rights." Doc. Ent. 11 at 3. Attached to this motion are nine (9) exhibits, among which are the affidavit of Kusey including an attachment of MDOC Menus provided by the Food Service Program (Doc. Ent. 11-4) and the affidavit of Robert Farr including a spreadsheet attachment listing plaintiff's MDOC Store purchases during July / August 2012 (Doc. Ent. 11-6). *See* Doc. Ent. 11-1 (Index of Exhibits).

---

[2]Each of the three (3) defendants is represented by Kevin R. Himebaugh of the Michigan Department of Attorney General - Corrections Division. Doc. Entries 8, 9 & 10.

Pursuant to my October 1, 2012 order (Doc. Ent. 12), plaintiff's response was due on or before November 1, 2012.  On October 31, 2012, plaintiff filed a response (Doc. Ent. 14 at 1-15), attached to which are Exhibits A-H (Doc. Ent. 14 at 16-47) and among which is plaintiff's October 25, 2012 affidavit.

**2.**     In the meantime, on October 5, 2012, plaintiff filed a motion (Doc. Ent. 13) for continuance to permit relevant interrogatories and documents to be obtained in order to respond to defendants' motion for summary judgment (Doc. Ent. 11), whereby plaintiff sought a 45-day extension of time to respond to defendants' motion for summary judgment, as he had yet to receive defendants' answers/responses to his (plaintiff's) Fed. Rules Civ. P. 33 and 34 discovery requests.  Doc. Ent. 13 at 2.

**3.**     On November 15, 2012, defendants served answers / responses to plaintiff's Interrogatory Nos. 1-2 and Request for Production of Documents Nos. 1-2.  Doc. Ent. 16 at 7-10.

On December 7, 2012, plaintiff filed a motion for an order compelling discovery.  Doc. Ent. 16 at 1-6 (Response), Doc. Ent. 16 at 7-22 (Attachments A-D).  Specifically, plaintiff requests that defendants produce for inspection and copying "[a] copy of the 2009 and 2010 Ramadan menu that was actually served at [SRF][,]" and "[a] copy of the current itemized caloric chart used by the MDOC that lists the approximate amount of calories that are in the food and beverage items actually served in the SRF Food Service."  Doc. Ent. 16 at 1.  These were Request for Production of Documents Nos. 1-2, to which defendants responded that the documents do not exist (Doc. Ent. 16 at 9); however, plaintiff points out that MDOC PD 04.07.100 ¶ K provides that "Copies of the menus as actually served shall be retained at the facility for at least three years."  *See* Doc. Ent. 16 at 2 ¶¶ 2-7.

3

Furthermore, plaintiff seeks production of the "dietary reference intakes approved by the National Research Council" which is referred to in MDOC PD 04.07.100 ¶ G.[3]  Doc. Ent. 16 at 3 ¶¶ 8-9.[4]

**4.**     On January 28, 2013, plaintiff filed a motion to supplement pleading pursuant to Fed. R. Civ. P. 15(d) ("Supplemental Pleadings.").  Doc. Ent. 15 at 1-2 (Motion).

Specifically, plaintiff proposes to amend his complaint to include violations which occurred during Ramadan July 2012, including the addition of proposed defendant Timothy Beavers, identified as a chaplain, and details about the grievance Welch initiated on August 9, 2012.  Doc. Ent. 15 at 3-5 ¶¶ 2-12 (Proposed Statement of Facts Regarding Supplemental Complaint).  Plaintiff's proposed claims against Purves and Kusey relate to the provision of and adherence to the July 2012 Ramadan menu.  Doc. Ent. 15 at 4 ¶¶ 13-14.  Plaintiff's proposed claim against Beavers concerns "not insuring that MDOC [PDs] 04.07.100 and 05.03.150 [were] adhered to, despite being informed that a policy violation was occurring in regards to the lack of calories during the holy month of Ramadan July 2012."  Doc. Ent. 15 at 5 ¶ 15.

---

[3]"All menus and all meals as actually served at a correctional facility shall satisfy the nutritional and caloric recommendations set forth in the dietary reference intakes approved by the National Research Council.  The current edition of "The Dietary Guidelines for Americans" by the United States Department of Health and Human Services and Department of Agriculture shall be followed for menu planning."  MDOC PD 04.07.100 ¶ G.

[4]Among the attachments to plaintiff's motion are defendants' November 15, 2012 responses to plaintiff's interrogatory Nos. 1-2 and request for production of documents Nos. 1-2 (Doc. Ent. 16 at 7-10), MDOC Menus (Doc. Ent. 16 at 11-15), a Calorie Chart (Doc. Ent. 16 at 16-20) and a copy of MDOC PD 04.07.100, effective December 28, 2009 (Doc. Ent. 16 at 21-22).

Plaintiff also provides a proposed prayer for relief related to his Ramadan 2012 claim (Doc. Ent. 15 at 24), as well as a proposed statement of claims (Doc. Ent. 15 at 25).[5]

**C.    Each of the pending nondispositive motions is unopposed.**

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). "A response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B).

Therefore, responses to plaintiff's October 5, 2012 (Doc. Ent. 13), December 7, 2012 (Doc. Ent. 16)[6] and January 28, 2013 (Doc. Ent. 15) non-dispositive motions were due on or about October 22, 2012, December 26, 2012 and February 14, 2013, respectively. Fed. R. Civ. P. 6(d).

To date, no responses have been filed.

**D.    Order**

Upon consideration, plaintiff's December 7, 2012 motion for an order compelling discovery (Doc. Ent. 16) is GRANTED. No later than Monday, May 27, 2013, defendants SHALL produce copies of **(a)** the 2009 and 2010 Ramadan menus that were actually served at SRF, **(b)** a copy of the current itemized caloric chart used by the MDOC that lists the approximate amount of calories that are in the food and beverage items actually served in the SRF Food

---

[5]Among the attachments to this motion are copies of a portion of his July 19, 2012 original complaint (Doc. Ent. 15 at 6-8), MDOC menus (Doc. Ent. 15 at 9-13), a July 25, 2012 letter from plaintiff to Purves regarding Ramadan Daily Meals (2012) (Doc. Ent. 15 at 14-15) and grievance materials for SRF-2012-08-1318-09B (Doc. Ent. 15 at 16-23).

[6]The Court realizes that plaintiff's December 7, 2012 motion was not docketed until March 13, 2013. Doc. Ent. 16. Even so, defendants' response deadline under E.D. Mich. LR 7.1 has long passed.

Service, and **(c)** a copy of the "dietary reference intakes approved by the National Research Council" which is referred to in MDOC PD 04.07.100 ¶ G, or SHOW CAUSE why such production is not possible.

Furthermore, plaintiff's October 5, 2012 motion for continuance to permit relevant interrogatories and documents to be obtained in order to respond to defendants' motion for summary judgment (Doc. Ent. 13) is GRANTED. Plaintiff shall have up to and including Monday, June 10, 2013 by which to file a supplemental response to defendants' September 24, 2012 dispositive motion (Doc. Ent. 11).

Finally, defendants' September 24, 2012 motion for summary judgment (Doc. Ent. 11) and plaintiff's January 28, 2013 motion to supplement pleading pursuant to Fed. R. Civ. P. 15(d) (Doc. Ent. 15) will be addressed under separate cover.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: May 13, 2013

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this order was served upon William Augustus Welch and Counsel of Record on this date.

Dated: May 13, 2013

s/ Lisa C. Bartlett
Case Manager