UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM AUGUSTUS WELCH (#199544),

|                    |                                  |
|--------------------|----------------------------------|
|                    | CASE NO. 2:12-CV-13172           |
| Plaintiff,         | JUDGE PAUL D. BORMAN             |
|                    | MAGISTRATE JUDGE PAUL J. KOMIVES |

v.

GLENN KUSEY,
BRAD PURVES and
DON SPAULDING,

Defendants,

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDING
OR TO RENDER JUDGMENT BY DEFAULT (Doc. Ent. 23) and DENYING
PLAINTIFF'S MOTION FOR DEFAULT PURSUANT TO FED. R. CIV. P. 37(B)(2) (Doc.
Ent. 24)**

I.      OPINION

1.      William Augustus Welch (#199544) is currently incarcerated at the Michigan

Department of Corrections (MDOC) Saginaw Correctional Facility (SRF) in Freeland, Michigan.

On July 19, 2012, while incarcerated at SRF, plaintiff filed the instant case concerning the

adequacy of the August 2011 Ramadan menu at SRF against defendants Donald Spaulding

(Food Service Director at SRF), Brad Purves (Food Service Program Manager, Correctional

Facilities Administration) and Glenn Kusey (Acting Food Service Supervisor at SRF).  Doc. Ent.

1; *see also* Doc. Entries 11-2, 11-3 and 11-4.

Judge Borman has referred this case to me for pretrial matters.  Doc. Ent. 3.  Currently

before the Court are several motions, including defendants' September 24, 2012 motion for

summary judgment (Doc. Ent. 11) and plaintiff's January 28, 2013 motion to supplement the

complaint (Doc. Ent. 15), which seeks to add a defendant (Timothy Beavers) and claims

concerning the adequacy of the July 2012 Ramadan menu.

**2.**       On June 14, 2013, plaintiff filed a motion (Doc. Ent. 23) to stay this proceeding until the

Court's May 13, 2013 discovery order (Doc. Ent. 17) is obeyed or to render a judgment by

default against the disobedient defendants pursuant to Fed. R. Civ. P. 37(b)(2).

       By way of background, on December 7, 2012, plaintiff filed a motion to compel

discovery.  Doc. Ent. 16.  Among the attachments to this motion was a calorie chart.  Doc. Ent.

16 at 16-20.  My May 13, 2013 order (Doc. Ent. 17) stated:

> No later than Monday, May 27, 2013, defendants SHALL produce copies of **(a)**
> the 2009 and 2010 Ramadan menus that were actually served at SRF, **(b)** a copy
> of the current itemized caloric chart used by the MDOC that lists the approximate
> amount of calories that are in the food and beverage items actually served in the
> SRF Food Service, and **(c)** a copy of the "dietary reference intakes approved by
> the National Research Council" which is referred to in MDOC PD 04.07.100 ¶ G,
> or SHOW CAUSE why such production is not possible.

Doc. Ent. 17 at 5-6.  The order also gave plaintiff up to and including Monday, June 10, 2013 by

which to file a supplemental response to defendants' September 24, 2012 dispositive motion

(Doc. Ent. 11).

       On May 22, 2013, defendants filed a response (Doc. Ent. 18) to this Court's order

compelling discovery or to show cause (Doc. Ent. 17).  Therein, defendants claim that

"[c]oncurrent with this response, Defendants are providing Plaintiff with documents (a) and (b),

as set forth on page five of the order."  However, defendants objected to producing document (c)

and "request[ed] that they not be required to produce—for free—a copy of the Dietary Reference

Intakes."  On June 4, 2013, I entered an order (Doc. Ent. 19) discharging the Court's May 13,

2013 show cause order (Doc. Ent. 17) and granting defendants' May 22, 2013 request (Doc. Ent. 18).

According to plaintiff's June 14, 2013 motion (Doc. Ent. 23), defendants have not produced a copy of the current itemized caloric chart used by the MDOC that lists the approximate amount of calories that are in the food and beverage items actually served in the SRF Food Service. Plaintiff claims that he "is in need of the current chart used by the MDOC that identifies the amount of calories in the individual[] items that are served in food service." By way of example, plaintiff attaches a copy of an old itemized caloric chart "to show exactly what [he] is requesting." Doc. Ent. 23 at 2; *see also* Doc. Ent. 23 at 4-7 (Attachment A). Plaintiff asks the Court to enter an order granting the motion to stay until defendants' obligations under the Court's May 13, 2013 order (Doc. Ent. 17) are satisfied, rendering judgment by default against defendants, and allowing this case to go to trial. Doc. Ent. 23 at 2-3.

Upon consideration, plaintiff's June 14, 2013 motion (Doc. Ent. 23) to stay this proceeding or render a judgment by default is denied. To begin, even though defendants' pending dispositive motion maintains that the Ramadan menu meets MDOC PD 04.07.100's minimum nutritional standards (Doc. Ent. 11 at 5), it does not appear that defendants are contesting the caloric total of the Ramadan Bagged Meal. Also, plaintiff has produced copies of an "old" itemized calorie chart. Doc. Ent. 23 at 4-7. Therefore, although defendants remain obligated to provide the current itemized caloric chart used by the MDOC that lists the approximate amount of calories that are in the food and beverage items actually served in the SRF Food Service, it appears there is no need at this time to stay this proceeding or to enter a

default judgment against defendants on the basis that they have yet to produce the current itemized caloric chart.

**3.**     On June 25, 2013, plaintiff filed a motion for default pursuant to Fed. R. Civ. P. 37(b)(2) due to defendants' failure to fully comply with the Court's May 13, 2013 order (Doc. Ent. 17), specifically the requirement that defendants produce the current itemized caloric chart that lists the calories of food served.  Plaintiff claims that defendants have yet to comply with this requirement of the Court's May 13, 2013 order.  Doc. Ent. 24 ¶¶ 5, 8.  Plaintiff requests that the Court "[e]nter an order of default against the defendants for failure to fully comply with a discovery order [,]" and/or "[d]eny the defendants Motion for Summary Judgment due to the[ir] failure to comply with this Court[']s discovery order."  Doc. Ent. 24 at 2.

However, for the reasons stated in the previous section, this motion is denied.

**C.     Order**

Accordingly, plaintiff's June 14, 2013 motion (Doc. Ent. 23) and June 25, 2013 motion (Doc. Ent. 24) are DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).


                                                              s/ Paul J. Komives
                                                              PAUL J. KOMIVES
                                                              UNITED STATES MAGISTRATE JUDGE

Dated: July 3, 2013

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon William A. Welch and Counsel of Record on this date.

Dated: July 3, 2013                    s/ Lisa C. Bartlett____
                                       Case Manager