UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM AUGUSTUS WELCH (#199544),

                                            CASE NO. 2:12-CV-13172
               Plaintiff,       JUDGE PAUL D. BORMAN
                                            MAGISTRATE JUDGE PAUL J. KOMIVES
v.

GLENN KUSEY,
BRAD PURVES and
DON SPAULDING,

               Defendants,
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S JANUARY 28, 2013 MOTION TO SUPPLEMENT THE JULY 19, 2012 COMPLAINT PURSUANT TO FED. R. CIV. P. 15(D) (Doc. Ent. 15)**

**A.    Background**

William Augustus Welch (#199544) is currently incarcerated at the Michigan Department of Corrections (MDOC) Saginaw Correctional Facility (SRF) in Freeland, Michigan. On July 19, 2012, while incarcerated at SRF, plaintiff filed the instant case concerning the adequacy of the August 2011 Ramadan menu at SRF against defendants Donald Spaulding (Food Service Director at SRF), Brad Purves (Food Service Program Manager, Correctional Facilities Administration) and Glenn Kusey (Acting Food Service Supervisor at SRF). Doc. Ent. 1; *see also* Doc. Entries 11-2, 11-3 and 11-4.

Judge Borman has referred this case to me for pretrial matters. Doc. Ent. 3. Currently before the Court are several motions, including defendants' September 24, 2012 motion for summary judgment (Doc. Ent. 11) and plaintiff's January 28, 2013 motion to supplement the

complaint (Doc. Ent. 15), which seeks to add a defendant (Timothy Beavers) and claims concerning the adequacy of the July 2012 Ramadan menu.

**B.      Discussion**

On January 28, 2013, plaintiff filed a motion to supplement pleading pursuant to Fed. R. Civ. P. 15(d). Doc. Ent. 15 at 1-2 (Motion). This rule provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d) ("Supplemental Pleadings.").

According to plaintiff, "the circumstances surrounding the 2012 new events are exactly the same as mentioned in the statement of facts of the 2011 original pleading." Doc. Ent. 15 at 1 ¶ 2. In other words, he contends, "the facts of the 2011 civil rights complaint are exactly identical to 2012 events which the plaintiff seeks to supplement[.]" Therefore, he asks the Court "to allow him to add 1 (one) new defendant to his existing complaint to supplement his complaint as to the amount of damages, in light of the [ongoing] initial violation." Doc. Ent. 15 at 1-2 ¶ 3.

Specifically, plaintiff proposes to amend his July 19, 2012 complaint (Doc. Ent. 1) to include violations which occurred during Ramadan July 2012, including the addition of proposed defendant Chaplain Timothy Beavers (¶¶ 1-7), and details about the grievance Welch initiated on

2

August 9, 2012 (¶¶ 8-12).  *See* Doc. Ent. 15 at 3-5 (Proposed Statement of Facts Regarding Supplemental Complaint).

Plaintiff's proposed claims against Purves and Kusey relate to the provision of and adherence to the July 2012 Ramadan menu.  Doc. Ent. 15 at 4 ¶¶ 13-14.  Plaintiff's proposed claim against SRF Chaplain Beavers concerns "not insuring that MDOC [PDs] 04.07.100 and 05.03.150 [were] adhered to, despite being informed that a policy violation was occurring in regards to the lack of calories during the holy month of Ramadan July 2012."  Doc. Ent. 15 at 5 ¶ 15.  Plaintiff also provides a proposed prayer for relief related to his Ramadan 2012 claim (Doc. Ent. 15 at 24), as well as a proposed statement of claims (Doc. Ent. 15 at 25).[1]

This motion is unopposed.  "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).  "A response to a nondispositive motion must be filed within 14 days after service of the motion."  E.D. Mich. LR 7.1(e)(2)(B).  Therefore, a response to plaintiff's January 28, 2013 non-dispositive motion (Doc. Ent. 15) was due on or about February 14, 2013.  Fed. R. Civ. P. 6(d).  To date, no response has been filed.

Nonetheless, upon consideration, plaintiff's January 28, 2013 motion to supplement pleading pursuant to Fed. R. Civ. P. 15(d) is denied without prejudice to renewal by way of a motion which complies with E.D. Mich. LR 15.1 ("Form of a Motion to Amend and Its Supporting Documentation.") by attaching a proposed amended pleading which reproduces the

---

[1] Among the attachments to this motion are copies of a portion of his July 19, 2012 original complaint (Doc. Ent. 15 at 6-8), MDOC menus (Doc. Ent. 15 at 9-13), a July 25, 2012 letter from plaintiff to Purves regarding Ramadan Daily Meals (2012) (Doc. Ent. 15 at 14-15) and grievance materials for SRF-2012-08-1318-09B (Doc. Ent. 15 at 16-23).

entire pleading as amended[2] and takes into consideration whatever ruling the Court eventually makes regarding defendants' motion for summary judgment (Doc. Ent. 11).

**C.     Order**

Accordingly, plaintiff Welch's January 28, 2013 motion to supplement pleading pursuant to Fed. R. Civ. P. 15(d) (Doc. Ent. 15) is DENIED WITHOUT PREJUDICE.

My report and recommendation regarding defendants' September 24, 2012 motion for summary judgment (Doc. Ent. 11) will issue forthwith.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/ Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: July 3, 2013

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon William A. Welch and Counsel of Record on this date.

Dated:  July 3, 2013                              s/ Lisa C. Bartlett
                                                              Case Manager

---

[2] "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion."  E.D. Mich. LR 15.1 ("Form of a Motion to Amend and Its Supporting Documentation.").