UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM AUGUSTUS WELCH (#199544),

                              CASE NO. 2:12-CV-13172
          Plaintiff,       JUDGE PAUL D. BORMAN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

v.

DON SPAULDING,
GLENN KUSEY and
BRAD PURVES,

          Defendants,
_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S JULY 16, 2013 FED. R. CIV. P. 65 MOTION FOR TEMPORARY RESTRAINING ORDER
(Doc. Ent. 30)

**I.**     **RECOMMENDATION:** The Court should either **(a)** deny plaintiff's July 16, 2013 motion for temporary restraining order pursuant to Fed. R. Civ. P. 65 (Doc. Ent. 30) as moot on the basis that plaintiff will receive the relief he requests by way of Judge Quist's July 10, 2013 order in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.) or **(b)** grant plaintiff's motion to the extent it seeks preliminary injunctive relief and enter an order similar to Judge Quist's July 10, 2013 order in *Heard*.

**II.**     **REPORT:**

**A.**     **Plaintiff Welch's July 19, 2012 complaint, filed pro se, identifies three (3) defendants.**[1]

---

[1]This case is one of a few before this Court in which plaintiffs contest the adequacy of their diets during Ramadan. *See, i.e., Welch v. Spaulding*, No. 2:12-cv-13172-PDB-PJK (E.D. Mich.); *Conway v. Purves*, No. 2:13-cv-10271-PJD-PJK (E.D. Mich.); and *Kyles v. Kusey*, No. 2:13-cv-10355-SJM-PJK (E.D. Mich.); *see also Heard v. Finco*, No. 2:13-cv-11342-VAR-MJH (E.D. Mich.) (transferred to W.D. Mich. on April 3, 2013 (Case No. 1:13-cv-00373)).

William Augustus Welch (#199544) is currently incarcerated at the Saginaw Correctional Facility (SRF) in Freeland, Michigan. On July 19, 2012, while incarcerated at SRF, Welch filed the instant, unsigned prisoner civil rights complaint pro se against Don Spaulding, Brad Purves and Glenn Kusey.[2]

On July 3, 2013, I entered an order (Doc. Ent. 27) order denying without prejudice plaintiff's January 28, 2013 motion (Doc. Ent. 15) to supplement the July 19, 2012 complaint pursuant to Fed. R. Civ. P. 15(d).

**B.     Defendants' September 24, 2012 motion for summary judgment is pending before the Court.**

On September 24, 2012, defendants filed a motion for summary judgment. Doc. Ent. 11. Plaintiff filed a response on October 31, 2012 (Doc. Ent. 14) and a supplemental response on June 11, 2013 (Doc. Ent. 22).

On July 3, 2013, I entered a report (Doc. Ent. 25) recommending that the Court grant in part and deny in part defendants' September 24, 2012 motion for summary judgment (Doc. Ent. 11). On July 16, 2013, defendants Purves and Spaulding filed an objection (Doc. Ent. 28), and plaintiff did the same (Doc. Ent. 29).

Therefore, the consideration of defendants' motion for summary judgment is currently before Judge Borman.

**C.     The Court should either deny plaintiff Welch's July 16, 2013 motion for temporary restraining order pursuant to Fed. R. Civ. P. 65 (Doc. Ent. 30) as moot or grant plaintiff's motion to the request it seeks preliminary injunctive relief.**

---

[2]Judge Borman has referred this case to me for all pretrial matters. Doc. Ent. 3.

**1.**     According to plaintiff Welch, "the daily caloric intake being provided to this plaintiff [for Ramadan 2013] is approx[imately] 700 to 800 calories less than the recognized standard."  Doc. Ent. 30 ¶ 2; *see also* Doc. Ent. 30 ¶ 11.  "Ramadan began on July 9, 2013 and will end on August 7, 2013[.]" Doc. Ent. 30 ¶ 7.

By his July 16, 2013 verified motion for temporary restraining order (Doc. Ent. 30), plaintiff asks "for the Defendants to provide him with the recognized 2600 daily caloric intake provided to the rest of the population."  Doc. Ent. 30 ¶ 4.  In other words, Welch asks that the Court "enter a[n] emergency [t]emporary restraining order, ordering Defendants to provide plaintiff with the recognized 2600 calories per day throughout the month of Ramadan[.]" Doc. Ent. 30 ¶ 9; *see also* Doc. Ent. 30 ¶ 10.  Plaintiff proposes that the additional 700 to 800 calories be provided in either the breakfast or evening Ramadan bagged meal.  Doc. Ent. 30 at 2.

**2.**     "In determining whether or not to grant a preliminary injunction, a district court considers four factors: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (external citation omitted).

Here, I am persuaded by Judge Quist's decisions in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.).  In *Heard*, four (4) prisoners at Lakeland Correctional Facility (LCF) in Coldwater, Michigan alleged that past Ramadan meals "provide[d] only approximately 1,000 to 1,500 calories per day and therefore do not meet the MDOC's mandated 2,900 calorie per day requirement for prisoners."  *Heard*, July 8, 2013 Memorandum Opinion and Order at p. 1. These plaintiffs sued several MDOC officials "alleging that their refusal to accommodate

3

Plaintiffs' requests for adequate meals before the start and at the end of the daily fast during Ramadan violated their rights under the First and Eighth Amendments, as well as the [RLUIPA]." Their June 14, 2013 motion for a preliminary injunction sought "an order requiring Defendants to provide Plaintiffs adequate meals and nutrition during Ramadan 2013, which commences July 8, 2013 and concludes August 7, 2013." *Id.* at p. 2.

In his July 8, 2013 memorandum opinion and order denying the motion for preliminary injunction, Judge Quist concluded that plaintiffs had "failed to demonstrate irreparable harm." *Id.* at p. 3. Specifically, Judge Quist relied upon the assertion that MDOC PD 04.07.100 ("Offender Meals") "does not specify a minimum caloric meal value." Judge Quist also relied upon an affidavit from Purves. *Id.* at pp. 3-4. In the end, Judge Quist stated:

> In light of the information set forth in Purves's affidavit,[3] Plaintiffs have failed to demonstrate that they are likely to suffer irreparable harm absent injunctive relief. First, Plaintiffs' [June 14, 2013] motion is based on an out-of-date meal plan that will not apply to the 2013 Ramadan observance. Second, Defendants have shown that the meal plan for the 2013 Ramadan observance provides between 2,350 and 2,594 calories per day, which substantially meets the recommended calorie requirements for most moderately active prisoners[.] Third, Plaintiffs wholly fail to show that they will suffer any harm from a slight reduction in their daily caloric intake during the 30-day Ramadan observance. As Defendants note, because Ramadan is a time of constant prayer and reflection, it is questionable w[h]ether an observant Muslim would be deemed moderately active during Ramadan. Finally, to the extent Plaintiffs seek additional food during Ramadan, they may purchase it from the prison store, as they have done in the past.

*Id.* at pp. 4-5.

However, on July 10, 2013, Judge Quist entered an order of clarification regarding his July 8, 2013 memorandum opinion and order denying plaintiffs' motion for preliminary

---

[3]Purves's June 28, 2013 affidavit was attached to the defendants' June 28, 2013 response in *Heard*, Case 1:13-cv-00373-GJQ-HWB (W.D. Mich.) (Doc. Ent. 17-3).

injunction, because shortly after the Court issued its order the Court received plaintiffs' July 8, 2013 reply, attached to which were (1) MDOC Ramadan 2013 Bagged Meal Menus with handwritten caloric totals for the weeks of July 9, July 14, July 21 and July 28, 2013, and (2) the July 3, 2013 affidavits of plaintiffs Heard, Nelson, Moses and Johnson.  In the July 10, 2013 order of clarification, Judge Quist stated:

> To the extent that the menu Plaintiffs submit is the actual Ramadan meal plan for Lakeland Correctional Facility, the Court would conclude that Plaintiffs have shown irreparable harm because Plaintiffs are being provided an insufficient number of calories for a nutritionally adequate diet. Moreover, if such is the case, the Court would have likely issued the requested injunctive relief. Accordingly, the Court will hold Defendants to their representation regarding the amount of calories that the 2013 Ramadan meal plan will provide to Muslim prisoners who observe Ramadan and order Defendants to provide Plaintiffs at least 2,350 calories per day during the present Ramadan observance.

He then stated that "the Court's July 8, 2013 Memorandum Opinion and Order Denying Plaintiffs' Motion for Preliminary Injunction (dkt. # 21) is **clarified** to provide that Defendants shall provide Plaintiffs at least 2,350 calories per day during the 2013 Ramadan observance, in accordance with Defendants' prior representations to this Court."  *See Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich. July 10, 2013).

**3.**     Mindful of plaintiff Welch's July 16, 2013 motion, and finding persuasive Judge Quist's July 10, 2013 order of clarification, I recommend that the Court should either **(a)** deny plaintiff Welch's July 16, 2013 motion for temporary restraining order pursuant to Fed. R. Civ. P. 65 (Doc. Ent. 30) as moot on the basis that plaintiff will receive the relief he requests by way of Judge Quist's July 10, 2013 order in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D.

Mich.) or **(b)** grant plaintiff's motion to the extent it seeks preliminary injunctive relief and enter an order similar to Judge Quist's July 10, 2013 order in *Heard*.[4]

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

---

[4] Ordinarily the Court would wait to issue its recommendation regarding plaintiff's dispositive motion (Doc. Ent. 30) until defendants' time to respond under E.D. Mich. LR 7.1 had passed or would issue an expedited scheduling order.  However, in light of (a) plaintiff's representation that Ramadan 2013 began on July 8, 2013 and concludes on August 7, 2013 and (b) the Court's recent report and recommendation on plaintiffs' motion for injunctive relief in *Conway v. Purves*, No. 2:13-cv-10271-PJD-PJK (E.D. Mich. July 18, 2013) (report and recommendation of Komives, M.J.), I proceed at this time with my recommendation on the present motion.

 S/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 23, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2013.

s/Felicia M. Moses
FELICIA M. MOSES
*Rotating Acting Case Manager*