UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM AUGUSTUS WELCH,

Plaintiff,

Case No. 12-cv-13172

Paul D. Borman
United States District Judge

v.

Paul J. Komives
United States Magistrate Judge

GLENN KUSEY,
BRAD PURVES and
DON SPAULDING,

Defendants.
_______________________________/

OPINION AND ORDER (1) ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE PAUL J. KOMIVES JULY 3, 2013 REPORT AND RECOMMENDATION (ECF NO. 25) and (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 11)

On July 3, 2013, Magistrate Judge Paul J. Komives issued a Report and Recommendation to grant in part and deny in part Defendants' Motion for Summary Judgment. (ECF No. 25, Report and Recommendation.) Both Plaintiff (ECF No. 29) and Defendants (ECF No. 28) filed Objections to the Report and Recommendation. This Court reviews *de novo* the portions of a report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the parts of the Magistrate Judge's Reports and Recommendations to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ADOPTS IN PART AND REJECTS IN PART the Report and Recommendation and GRANTS IN PART AND DENIES IN PART Defendants' Motion

for Summary Judgment.

## I. BACKGROUND

The background facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (Report and Recommendation 1-5.) In summary, Plaintiff's *pro se* civil rights complaint alleges that Defendants violated his First Amendment right to freely exercise his religion by providing him with meals at the Saginaw Regional Correctional Facility ("SRF") during the fasting month of Ramadan in 2011 that contained only half the number of calories (1300) required by Michigan Department of Corrections ("MDOC") Policy for adequate daily nutrition (2600). Plaintiff alleges that MDOC employee Defendant Purves (director of food service operations for the MDOC) provided the allegedly nutritionally insufficient Ramadan menu and that Defendants Spaulding (food service director at SRF) and Kusey (food service supervisor at SRF) adhered to that menu. Plaintiff sued the Defendants in their individual and official capacities, seeking (1) an injunction requiring Defendants to provide meals during the 2013 Ramadan (July 9, 2013 until August 7, 2013) containing the same daily calories and nutrition as contained in the meals provided to the rest of the inmate population during that time and (2) money damages of $500 for each of the thirty (30) days of the 2011 Ramadan against each Defendant and punitive damages in the amount of $5,000 against each Defendant.

Plaintiff Welch was not the only prisoner in the MDOC system complaining about the caloric content of the Ramadan meals. In *Heard v. Finco, et al.*, No. 13-cv-00373, (W.D. Mich. 2013) (Quist, J.) four prisoners filed similar complaints against MDOC food service employees. In an Order dated July 8, 2013, Judge Gordon Quist denied injunctive relief in light of the MDOC's change in policy that increased the requirements for the Ramadan daily meal caloric count to

between 2,350 and 2,594 calories per day. *Heard v. Finco*, No. 13-cv-00373, 2014 WL 1347432, at *1 (W.D. Mich. March 31, 2014). Judge Quist concluded that this provided adequate nutritional value for the plaintiff's daily caloric intake during the fasting month of Ramadan and, in an Order dated July 10, 2013, clarified that his July 8, 2013 Order required the MDOC to "provide to Muslim prisoners who observe Ramadan . . . at least 2,350 calories per day during the [] Ramadan observance." (W.D. Mich. No. 13-cv-00373, ECF No. 22, July 10, 2013 Clarifying Order.) Thereafter, in an Order dated March 31, 2014, Judge Quist denied defendants' motion for summary judgment, finding that a reasonable prison official would have known that a diet consisting of only 1,000 to 1,500 calories per day for the holy month of Ramadan was constitutionally inadequate and thus denying defendants qualified immunity on plaintiffs' First Amendment claims. 2014 WL 1347432, at *3-4. A similar action, moving along in a relatively parallel manner, is currently pending before Judge Linda V. Parker of this District, reassigned to her on May 28, 2014 from Judge Patrick J. Duggan. *See Conway v. Purves, et al.*, No. 13-cv-10271 (E.D. Mich. 2013).

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373

(6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

## III. ANALYSIS

In his July 3, 2013 Report and Recommendation, Magistrate Judge Komives recommended that the Court grant Defendant Kusey's motion for summary judgment because his involvement was limited to grievance review and grant Defendants Spaulding and Purves's motion for summary judgment on Plaintiff's individual capacity claims against them based upon qualified immunity. The Magistrate Judge also recommended that the Court deny summary judgment on Plaintiff's official

capacity claims for declaratory and/or injunctive relief.

Plaintiff does not object to that portion of the Report and Recommendation that recommends dismissing the claims for injunctive and/or declaratory relief. The Court concludes that these claims are, in any event, addressed both by Judge Quist's rulings in *Heard* and by the fact that the 2013 Ramadan holy month has concluded, rendering these claims moot. It is clear from Judge Quist's ruling that going forward the MDOC must provide observant Muslims with a minimum of 2,350 calories per day during their observance of the holy month of Ramadan.[1]

Plaintiff's sole objection is to the Magistrate Judge's conclusion that the Defendants are entitled to qualified immunity on Plaintiff's claims against them in their individual capacities for monetary damages. The Court, having reviewed the Objections and considered the matter *de novo*, concludes that Magistrate Judge Komives correctly concluded that providing Plaintiff with 1,200 to 1,300 calories per day during the month of Ramadan substantially infringed Plaintiff's First Amendment right to freely exercise his religion. Further, the Magistrate Judge correctly concluded that it was not clearly established prior to the 2011 Ramadan holy month that a prisoner fasting for Ramadan was entitled to the exact same number of calories per day as prisoners in the general population. In deciding whether the right asserted was "clearly established" at the time of the alleged constitutional violation, the court must focus on whether then existing published decisions of the Supreme Court or the Sixth Circuit made the unlawfulness of the conduct apparent to a reasonable officer in the position of the defendants. In conducting the clearly established inquiry,

---

[1] This conclusion also addresses Defendants' sole objection to the Report and Recommendation, i.e. that the Court should reject as moot Magistrate Judge Komives's recommendation that the claim for injunctive relief should continue against Defendants Purves and Spaulding in their official capacities. (ECF No. 28, Defs.' Objs. 1-2.)

"the district court must find binding precedent by the Supreme Court, [the Sixth Circuit], the highest court in the

state in which the action arose, or itself, so holding." *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). The burden to prove that a right was clearly established rests squarely on the plaintiff. *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) ("The burden of convincing a court that the law was clearly established rests squarely with the plaintiff.")

However, Plaintiff argues in his Objections that it *was* clearly recognized in 2011 that inmates are entitled to "adequate nutrition," relying on *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (quoting *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002) ("If the prisoner's diet, as modified [to accommodate religious beliefs], is sufficient to sustain the prisoner in good health, no constitutional right has been violated.")). (ECF No. 29, Pl.'s Objs. 1.) Plaintiff points to no law in the Sixth Circuit or the Supreme Court clearly establishing that a daily intake of fewer 2,600 calories per day necessarily would adversely affect the health of a Muslim prisoner fasting during the month of Ramadan. However, in *Cunningham v. Jones*, 567 F.2d 653, 657 (6th Cir. 1977), it was established that at a constitutional minimum, prisoners must be provided enough caloric intake to maintain their health, and that "sedentary men on the average need 2000 calories or more to maintain continued health."

Viewing the facts in the light most favorable to the Plaintiff, during the Ramadan month in 2011, Plaintiff was provided approximately 1,200 to 1,300 calories per day for the entire month long fast. As Judge Quist recently concluded in *Heard*, "Plaintiffs had a clearly established right to an adequate diet during Ramadan [in 2011 and 2012], and a reasonable prison official should have known that a diet consisting of only 1,000 to 1,500 calories per day - 20 to 25 percent less than the

low end of the range found to be sufficient in *Cunningham* - is not adequate to sustain normal health, especially for the thirty-day duration of the Ramadan fast." *Heard*, 2014 WL 1347432, at *4.

Thus, while the Court does not disagree with Magistrate Judge Komives's conclusion that the law was not clearly established that a prisoner fasting for Ramadan was entitled to the exact number of calories as the general population, here 2,600 calories, Plaintiff's claim, liberally construed, is somewhat different. Plaintiff claims that he was entitled to "nutritionally adequate food." (*See* ECF No. 29, Pl.'s Objs. 1-2; Compl. ¶ 3, asserting that "the ramadan daily meals were inadequate.") This Court agrees with Judge Quist that a reasonable prison official should have known in 2011, that a diet consisting of 1,200 to 1,300 calories per day served for thirty consecutive days was not sufficient to maintain the health of an average inmate and thus constitutionally inadequate. Accordingly, Defendants Purves and Spaulding are not entitled to qualified immunity on Plaintiff's claim for damages against them in their individual capacities.[2]

---

[2] Plaintiff also objects to Magistrate Judge Komives's conclusion that Defendant Kusey is entitled to qualified immunity for his alleged involvement in the denial of an adequately nutritious menu during the 2012 Ramadan. Plaintiff concedes that Kusey's role in the alleged 2011 Ramadan violation involved only the denial of Plaintiff's grievance and thus that Kusey is entitled to summary judgment as to the 2011 Ramadan claims. Plaintiff asserts, however, that in 2012 Kusey was promoted from a food steward to a Food Service Director and therefore occupied a position in regard to the 2012 Ramadan that differs from his role in 2011. (ECF No. 29, Pl.'s Objs. 2-3.)

Importantly, Plaintiff sought (ECF No. 15, Motion to Supplement Pleading) and was denied (ECF No. 27, Order Denying Without Prejudice Plaintiff's Motion to Supplement Pleading) permission to file an amended complaint in this case to add claims relating to the 2012 Ramadan diet and to add a party. While the supplemental facts offered by Plaintiff in his Motion to Supplement do contain allegations regarding "FSD Kusey," and his refusal to address Plaintiff's allegations, no supplemental pleading has been accepted for filing with the Court. The Court thus confines its ruling to the claims of Plaintiff's original Complaint, which relate only to the 2011 Ramadan diet, as to which Plaintiff concedes Kusey is entitled to summary judgment based upon his sole involvement as a grievance responder. Accordingly the Court ADOPTS the Magistrate Judge's recommendation that Kusey be granted summary judgment with respect to Plaintiff's claims relating to the 2011 Ramadan diet.

## IV. CONCLUSION

Having reviewed *de novo* those portions of the Report and Recommendation to which objections have been filed, the Court ADOPTS IN PART AND REJECTS IN PART the Report and Recommendation (ECF No. 25), and GRANTS IN PART AND DENIES IN PART Defendants' Motion for Summary Judgment (ECF No. 11). Plaintiff's claims relating to the 2011 Ramadan diet plan against Defendants Purves and Spaulding in their individual capacities survive summary judgment.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2014.

s/Deborah Tofil
Case Manager