UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM AUGUSTUS WELCH (#199544),

                                                CASE NO. 2:12-CV-13172
                   Plaintiff,        JUDGE PAUL D. BORMAN
                                                MAGISTRATE JUDGE PAUL J. KOMIVES

v.

DON SPAULDING,
GLENN KUSEY and
BRAD PURVES,

                   Defendants,
_____/

## ORDER CONDITIONALLY GRANTING PLAINTIFF'S JULY 30, 2014 MOTION FOR APPOINTMENT OF COUNSEL (Doc. Ent. 38)

**A.    Plaintiff Welch's July 19, 2012 complaint, filed pro se, identifies three (3) defendants.**

      William Augustus Welch (#199544) is currently incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan. Doc. Ent. 34. On July 19, 2012, while incarcerated at the Saginaw Correctional Facility (SRF), Welch filed the instant, unsigned prisoner civil rights complaint pro se against Don Spaulding, Brad Purves and Glenn Kusey. Doc. Ent. 1; *see also* Doc. Entries 8, 9 and 10.

      Welch is proceeding in forma pauperis, and Judge Borman has referred this case to me for all pretrial matters. *See* Doc. Entries 3, 5 and 6.

      On July 3, 2013, I entered an order (Doc. Ent. 27) denying without prejudice plaintiff's January 28, 2013 motion (Doc. Ent. 15) to supplement the complaint pursuant to Fed. R. Civ. P. 15(d).

**B.    The Court has granted in part and denied in part defendants' September 24, 2012 motion for summary judgment, such that only two (2) defendants remain.**

On September 24, 2012, defendants Spaulding, Purves and Kusey filed a motion for summary judgment.  Doc. Ent. 11.  On July 3, 2013, I entered a report (Doc. Ent. 25) recommending that the Court grant in part and deny in part defendants' motion for summary judgment (Doc. Ent. 11).

On July 17, 2014, Judge Borman entered an opinion and order (Doc. Ent. 37) (1) adopting in part and rejecting in part my July 3, 2013 report and recommendation (Doc. Ent. 25) and (2) granting in part and denying in part defendants' motion for summary judgment (Doc. Ent. 11).  Therein, the Court noted that the claims in plaintiff's original complaint related only to the 2011 Ramadan diet and granted summary judgment to Kusey "with respect to Plaintiff's claims relating to the 2011 Ramadan diet."  Doc. Ent. 37 at 7 n.2.  Furthermore, the Court ruled that "Plaintiff's claims relating to the 2011 Ramadan diet plan against Defendants Purves and Spaulding in their individual capacities survive summary judgment."  Doc. Ent. 37 at 8.

**C.     Plaintiff has filed a second motion for appointment of counsel.**

On April 21, 2014, I entered an order (Doc. Ent. 36) denying without prejudice plaintiff's February 14, 2014 motion for appointment of counsel (Doc. Ent. 35).  That order permitted plaintiff to renew his motion if the Court denied the then-pending motion for summary judgment (Doc. Ent. 11) or if other circumstances warranting the appointment of counsel arose.  Doc. Ent. 36 at 3.

Since the filing of my April 21, 2014 order (Doc. Ent. 36), Judge Borman has filed his July 17, 2014 opinion and order (Doc. Ent. 37); defendants have filed a substitution of attorneys (Doc. Ent. 39) and Judge Borman has entered an order permitting substitution of attorneys (Doc. Ent. 43); defendants have filed a jury demand (Doc. Ent. 40); and defendants have filed a motion

for leave to take the deposition of plaintiff William Welch #199544 (Doc. Ent. 41), regarding which a response is due by September 10, 2014 (*see* Doc. Ent. 44).

Currently before the Court is plaintiff's July 30, 2014 motion for appointment of counsel. Doc. Ent. 38. Therein, plaintiff asks that the Court expeditiously consider his request "to ensure judicial equality is applied before discovery and trial." Doc. Ent. 38 at 1. Plaintiff explains that he "sought aide from a 'jailhouse lawyer' in maintaining the litigation thus far for all matters that eluded his crash course in the law." Also, citing MDOC PD 04.07.112 ("Prisoner Personal Property") and MDOC PD 05.03.118 ("Prisoner Mail"), plaintiff claims he "does not have access to proper law materials due to limits placed on him by the Defendants' agents." Furthermore, citing Judge Borman's July 17, 2014 order (Doc. Ent. 37), plaintiff asserts that "[his] case is going to trial[.]" Plaintiff also asserts that "writs and subpoenas must be served[;] jury instructions must be constructed[;] and trial exhibits submitted." Doc. Ent. 38 at 2.

**D.     Order**

Upon consideration, plaintiff's July 30, 2014 motion for appointment of counsel (Doc. Ent. 38) is CONDITIONALLY GRANTED. This case will be referred to the Court's *pro bono* program administrator. If an attorney is found who will agree to represent plaintiff in this case, an order of appointment will be entered.

Defendants' August 6, 2014 motion for leave to take the deposition of plaintiff William Welch (#199544) (Doc. Ent. 41), regarding which a response is due by September 10, 2014 (*see* Doc. Ent. 44), will be addressed under separate cover.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


**Dated: September 4, 2014**         s/Paul J. Komives
                                     **PAUL J. KOMIVES**
                                     **UNITED STATES MAGISTRATE JUDGE**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 8, 2014, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Paul J. Komives